■ RANDAL RIFELLI, Appellant, v FIRESIDE HOMES CORP., Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from a

judgment of the Supreme Court, Westchester County (Marbach, J.), entered December 17, 1987, which, upon granting the defendant's motion to vacate its default in answering, and thereupon to dismiss the complaint pursuant to CPLR 3211, dismissed the complaint.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the defendant's motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of the plaintiff's damages.

Pursuant to a contract for the sale of real property dated June 4, 1986, the defendant agreed to sell to the plaintiff a parcel of undeveloped real property located in Yonkers. Upon the execution of the contract, the plaintiff, pursuant to the terms of the agreement, tendered to the defendant a down payment of $7,500. The closing was scheduled for July 2, 1986.

The contract provided that the defendant was required to install various sewer lines, at a cost to the plaintiff not to exceed $8,000, on or before August 30, 1986, "or as soon as permits are obtained". The sewer lines were never installed and the closing never took place.

On or about June 11, 1987, the defendant's attorney returned the $7,500 down payment to the plaintiff's attorney to cancel the contract. The amount was returned to the defendant's attorney, who, on or about June 18, 1987, again tendered the down payment amount to the plaintiff's attorney. This time, the plaintiff's attorney deposited the amount in his escrow account.

Meanwhile, on or about June 12, 1987, the parcel was conveyed by the defendant to two third-party purchasers. Apparently unaware of this conveyance, the plaintiff commenced this action for specific performance on or about June 17, 1987. Service upon the defendant was effectuated by serving the Secretary of State. The defendant did not interpose an answer or otherwise appear in this action.

At the inquest that was subsequently held as a result of the defendant's default, the defendant moved to vacate the default pursuant to CPLR 317 and to dismiss the complaint pursuant to CPLR 3211. The Supreme Court granted the motion, holding that the deposit of the down payment in the plaintiff's attorney's escrow account constituted a "satisfaction", terminating the contract. A judgment dismissing the complaint was entered on December 17, 1987.

We conclude that the defendant's motion to vacate the

default and to dismiss the complaint should not have been granted.

CPLR 317 provides, *inter alia,* that a defendant served with a summons other than by personal delivery may be relieved from a default judgment upon a showing that the defendant did not personally receive notice of the pendency of the action and has a meritorious defense. Unlike a vacatur motion under CPLR 5015 (a) (1), it is unnecessary for a defendant seeking relief under CPLR 317 to demonstrate a reasonable excuse for his default *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141).

It is undisputed that the summons was not personally delivered to the defendant herein. Rather, service upon the defendant was effectuated through service upon the Secretary of State. It is well established that such service does not constitute "personal delivery" upon a corporation *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 142, *supra).* It is also undisputed that the defendant did not have actual notice of the lawsuit until several days prior to the hearing on damages. It appears that the reason that the defendant did not receive actual notice of the lawsuit until this time is that the defendant's principals had moved from the address listed with the Secretary of State.

The only defense raised by the defendant is based upon the deposit of the down payment in the escrow account of plaintiff's attorney. The defendant contends that this constituted an accord and satisfaction. However, the Court of Appeals has held that "when the seller simply returns the buyer's down payment, acceptance of the check should not be considered an accord and satisfaction because the check constituted nothing more than a return of the buyer's own property" *(Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, 598). Thus, the defendant's contention that the deposit of the check in the instant case constituted an accord and satisfaction is meritless.

Having put forward no other meritorious defense, the defendant failed to meet its burden to vacate its default *(see, Sorgie v Dalton,* 90 AD2d 790). The defendant's default should therefore not have been vacated. Accordingly, the matter is remitted to the Supreme Court for a hearing to determine the amount of the plaintiff's damages. Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.