■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant. [645 NYS2d 516] —In an action to recover no-fault insurance benefits, the defendant appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), dated August

18, 1995, which, upon granting the plaintiff's motion for summary judgment and denying the defendant's cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against it in the principal sum of $52,083.09.

Ordered that the judgment is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

The plaintiff, as assignee of an insured, made a timely demand for unpaid no-fault insurance benefits from the defendant insurance company. The defendant issued an untimely partial denial of claim, asserting that all but $9,608.88 of the $50,000.00 coverage limit of the subject policy had been exhausted. The plaintiff thereafter commenced this action seeking the balance of the claim. After issue had been joined, the plaintiff moved for summary judgment and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court, holding that the defendant's untimely, partial denial of claim precluded it from denying or defending against the plaintiff's claim, directed entry of judgment in favor of the plaintiff. We now reverse.

An untimely denial of claim will not operate to preclude a defense that the coverage limits of the subject policy have been exhausted (see, Presbyterian Hosp. v Liberty Mut. Ins. Co., 216 AD2d 448).

"[W]here, as here, an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease (see, Champagne v State Farm Mut. Auto. Ins. Co., 185 AD2d 835, 837). The defendant's tardiness in issuing its denial of claim could not thereafter create a new policy or additional coverage in excess of the amount contracted for (see, e.g., Zappone v Home Ins. Co., 55 NY2d 131; Schiff Assocs. v Flack, 51 NY2d 692; Employers Ins. v County of Nassau, 141 AD2d 496)" (Presbyterian Hosp. v Liberty Mut. Ins. Co., 216 AD2d 448, supra).

On the record before this Court, a question of fact is presented as to whether the policy limits have been exhausted. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.