■ NYACK HOSPITAL et al., Respondents, et al., Plaintiff, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant. [747 NYS2d 516] —In an action to recover no-fault medical payments under certain insurance contracts, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated March 13, 2001, which granted the motion of the plaintiffs Nyack Hospital and New York University Hospital Rusk Institute for summary judgment on the first and fourth causes of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs commenced this action, as assignees, to recover no-fault medical payments allegedly due for hospital bills under certain insurance contracts. After joinder of issue, they moved for summary judgment on the first and fourth causes of action. The Supreme Court granted the motion, determining,

inter alia, that the defendant insurer failed to use the prescribed statutory forms when requesting additional verification of the claims, and, thus, did not interpose a timely denial of the claims.

An insurer must either pay or deny an insurance claim in whole or in part within 30 calendar days after proof of the claim is received (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]).

Pursuant to 11 NYCRR 65.15 (d) (2), "[s]ubsequent to the receipt of one or more of the completed prescribed verification forms, any additional verification required by the insurer shall be requested within 10 business days of receipt of the prescribed verification forms."

With regard to the first cause of action, on January 3, 2000, the plaintiff Nyack Hospital forwarded to the defendant insurer form N-F5, a hospital facility prescribed verification form, as part of its application for reimbursement. On January 17, 2000, 10 business days later, the defendant insurer sent a letter to the plaintiff Nyack Hospital requesting "Laboratory tests/ results" and "Emergency Room Records" pursuant to 11 NYCRR 65.15 (d) (2). Nyack Hospital never responded to this request.

The Supreme Court erred in determining that the defendant insurer failed to use the prescribed statutory forms to request additional verification, as such additional verification need not be requested on a prescribed verification form (*see New York & Presbyt. Hosp. v American Tr. Ins. Co.,* 287 AD2d 699; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d 553). Further, the 30-day period in which the defendant insurer had to either pay or deny the claim did not begin to run, as Nyack Hospital did not supply additional verification of the claim (*see* 11 NYCRR 65.15 [g] [1]; *New York & Presbyt. Hosp. v American Tr. Ins. Co., supra*; *Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra*). Accordingly, the Supreme Court erred in granting that branch of the motion which was for summary judgment on the first cause of action.

Contrary to the contention of the plaintiff New York University Hospital Rusk Institute (hereinafter New York University Hospital), the Supreme Court also erred in granting that branch of the motion which was for summary judgment on the fourth cause of action, as the defendant insurer successfully raised a triable issue of fact by submitting evidence that it timely sent New York University Hospital a denial of claim form in which it maintained that the subject policy had been exhausted (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320).

We agree with the respondents' contention that the defendant's memorandum of law should not have been included in the record on appeal and have not considered it on this appeal. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.