■ HOSPITAL FOR JOINT DISEASES et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [779 NYS2d 534]—

In an action to recover no-fault medical payments under five insurance contracts, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated October 23, 2003, as denied those branches of their motion which were for summary judgment on the first and fifth causes of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action and upon, in effect, searching the record, dismissed the fifth cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action to recover payments for medical services provided by the plaintiff Hospital for Joint Diseases and correctly granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action. An insurer is not required to pay a claim where the policy limits have been exhausted (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568 [2004]). ''[W]here, as here, an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease'' (*Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co.*, 216 AD2d 448 [1995]; *see Presbyterian Hosp. in City of N.Y. v General Acc. Ins. Co. of Am.*, 229 AD2d 479, 480 [1996]). The evidence submitted by the defendant was sufficient to establish that the subject policy limits for personal injury protection benefits had been exhausted by prior claims. No triable issue of fact was raised by the plaintiffs in opposition to the defendant's motion.

Moreover, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the fifth cause of action to recover payments for medical services provided by the New York Hospital Medical Center of Queens (hereinafter the NYHMCQ) and, in effect, upon searching the record, dismissed that cause of action. An insurer is not obligated to pay or deny a claim until it has received verification of all relevant information requested (*see* 11 NYCRR 65.15 [g] [1] [i]; [2] [iii]; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338, 340 [2002]). It is undisputed that the NYHMCQ failed to respond to the defendant's verification requests for medical records. Accordingly, the period within

which the defendant was required to respond to this claim did not begin to run, and any claim for payment was premature (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra; St. Vincent's Hosp. of Richmond v American Tr. Ins. Co., supra*).

There is no merit to the argument of the NYHMCQ that the defendant's verification requests were ineffective to toll the defendant's time to pay or deny the claims because they were made by letter rather than by prescribed form (*see St. Vincent's Hosp. of Richmond v American Tr. Ins. Co., supra* at 339; *Nyack Hosp. v Progressive Cas. Ins. Co.*, 296 AD2d 482, 483 [2002]; *New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co.*, 293 AD2d 588, 590 [2002]). Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.