◼ CENTRAL SUFFOLK HOSPITAL, as Assignee of RENARD LEGETTE, et al., Appellants-Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent-Appellant. [807 NYS2d 382]—

In an action to recover no-fault medical payments under insurance contracts, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated January 20, 2004, as denied that branch of their motion which was for summary judgment on the first cause of action, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court improperly denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action to recover payments for medical services provided by Central Suffolk Hospital. "An insurer is not obligated to pay or deny a claim until it has received verification of all relevant information requested (*see* 11 NYCRR 65.15 [g] [1] [i]; [2] [iii])" (*St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338, 340 [2002]). Here, in the proof offered in response to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff Central Suffolk Hospital, as assignee of Renard Legette, admitted receiving the defendant's initial request for verification of the claim, yet failed to state what response, if any, was made. Pursuant to 11 NYCRR 65-3.8 (a) (1) and (b) (3), on the undisputed facts presented, the defendant was entitled to summary judgment dismissing the plaintiffs' first cause of action (*see Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533 [2004]).

The Supreme Court also improperly denied the branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action to recover for medical services provided by White Plains Hospital Center (hereinafter White Plains). As noted by the Supreme Court, the principal amount of the claim, $733.91, has been paid, leaving only the portion of the second cause of action seeking interest and an award of an attorney's fee. Although White Plains maintained before the Supreme Court that it did not receive either of the requests for verification which the defendant asserted were sent by mail on May 21, 2003, and June 23, 2003, White Plains provided the verification of claim to the defendant on July 14, 2003. In view of this circumstance, the assertion that the claim underlying the second cause of action was not paid in a timely way, which is the predicate for the plaintiffs' claim for interest and an award of an attorney's fee, is without basis under 11 NYCRR 65-3.8. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.