NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of ALBERT KLAU, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [815 NYS2d 478]—

In an action to recover no-fault insurance benefits under certain insurance contracts, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated July 21, 2005, as granted the defendant's motion to vacate a judgment of the same court entered December 8, 2004, which is in favor of the plaintiffs and against it in the principal sum of $43,425.51, upon the defendant's failure to appear or answer, and to extend its time to answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

Service upon the defendant was effectuated through delivery of the summons and complaint upon the Deputy Secretary of Insurance pursuant to Insurance Law § 1212. Although the defendant's motion to vacate the default judgment was made pursuant to CPLR 5015 (a) (1), under the circumstances of this case, it may be treated as a motion made under CPLR 317 as well (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 142-143 [1986]). A defendant served with a summons other than by personal delivery or to an agent designated under CPLR 318 may obtain relief pursuant to CPLR 317 upon a showing that it did not receive notice of the summons in time to defend, and has a meritorious defense (*see Marine v Federal Ins. Co.,* 293 AD2d 721 [2002]). Unlike a motion to vacate under CPLR 5015 (a) (1), it is unnecessary for a defendant seeking relief under CPLR 317 to demonstrate a reasonable excuse for its default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra* at 141; *Marinoff v Natty Realty Corp.,* 17 AD3d 412, 413 [2005]; *Rifelli v Fireside Homes Corp.,* 152 AD2d 629, 631 [1989]; *Simon & Schuster v Howe Plastics & Chems. Co.,* 105 AD2d 604, 605 [1984]). The defendant met its burden of showing that it did not receive actual notice of the summons in time to defend (*see Marine v Federal Ins. Co., supra; cf. Kaperonis v Aetna Cas. & Sur. Co.,* 254 AD2d 334 [1998]; *Board of Mgrs. of Landings at Patchogue Condominium v 263 Riv. Ave. Corp.,* 243 AD2d 668 [1997]; *Fleetwood Park Corp. v Jerrick Waterproofing*

*Co.*, 203 AD2d 238, 239 [1994]; *Anchor Sav. Bank v Alpha Developers*, 143 AD2d 711, 713-714 [1988]) and that its defenses are meritorious (*see* 11 NYCRR 65-3.8; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533 [2004]; *Presbyterian Hosp. in City of N.Y. v General Acc. Ins. Co. of Am.*, 229 AD2d 479 [1996]). Accordingly, the Supreme Court providently exercised its discretion in vacating the default judgment and extending the defendant's time to answer. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.