OPINION OF THE COURT
C. Stephen Hackeling, J.
*801 It is ordered that this application by the defendant for summary judgment dismissing the plaintiffs complaint is granted, and the plaintiffs cross motion for summary judgment is denied as moot.
This is an action for first-party benefits (recovery of unpaid health services bill, statutory interest and statutory attorney’s fees) brought pursuant to the No-Fault Insurance Law by a health services provider who rendered medical services to a patient in exchange for the patient’s rights to collect no-fault benefits.
On a motion for summary judgment the test to be applied is whether triable issues of fact exist or whether on the proof submitted judgment can be granted to a party as a matter of law (Andre v Pomeroy, 35 NY2d 361 [1974]). It is incumbent on the proponent of the motion to set forth a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Upon the proponent making out a prima facie case, the burden shifts to the opponent of the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]).
Issue Presented
Does the production of an electronic signature assignment of benefits and NF-3 claim form in response to an insurer’s verification demand recommence the running of a tolled 30-day no-fault insurance claim denial period?
Cause of Action Tolled Pending Verification
Under New York’s No-Fault Insurance Law, an insurance carrier is required to either pay or deny a claim for benefits within 30 days from its receipt of the claim (see, 11 NYCRR 65-3.8 [c]). “Such benefits are overdue if not paid within 30 days after the claimant supplies proof of the fact and amount of the loss sustained” (Insurance Law § 5106 [a]). For the defendant to properly deny a claim, it must generate its denial and mail it to the plaintiff within 30 days. This period may be extended by, inter alia, a timely demand by the insurer for further verification of a claim (see, 11 NYCRR 65-3.5 [b]). Such demands must be made within 10 business days of the receipt of a completed application (see, 11 NYCRR 65-3.5 [a]). *802 If the demanded verification is not received within 30 days, the insurance company must issue a follow-up request within 10 calendar days of the applicant’s failure to respond (see, 11 NYCRR 65-3.6 [b]). Further, an insurer must request any additional verification it will require within 15 days after receipt of one or more completed verification forms in order to further toll the 30-day payment or denial period (see, 11 NYCRR 65-3.5 [b]). The 30-day period in which the insurer has to either pay or to deny the claim does not begin to run until all demanded verification is provided (see, 11 NYCRR 65-3.8 [a] [1]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2004]). In fact, the insurer is precluded from issuing a denial while a verification request is outstanding (see, 11 NYCRR 65-3.8 [b] [3]).
The Undisputed Facts
In the case at bar, the plaintiffs claim for medical services was received by the defendant insurer on August 11, 2005. The defendant made an initial verification request that was mailed on August 22, 2005. The additional verification requested the following information:
“Pursuant to regulation 68, 65-3.11 (B) a provider must submit either a properly executed prescribed assignment of benefits or authorization to pay in order to receive direct payment from the insurer. As you have not submitted a properly executed form, we are unable to consider reimbursement. Enclosed is a prescribed assignment of benefits form for you to complete in full, have signed by the patient, and return to the undersigned. Advise us immediately if you are unable to submit a properly executed assignment or authorization.
“1. The assignment submitted was not signed by the patient.
“2. The assignment submitted was not signed by the provider, electronic signatures are not acceptable.
“3. We are in receipt of your bill for services, however, we have not yet received the fully completed, prescribed verification of treatment by attending physician form (NF-3). Every box must be fully completed, blank boxes will not be accepted. The patient must elect either box 20 authorization to pay or 21 assignment of benefits, but not both. If *803 the prescribed assignment of benefits or authorization to pay has previously been submitted, please indicate same in box 21. Be advised we require the physician’s original signature on said form. Signature stamps and/or electronic signatures will not be accepted. We require submission of said form, for each provider of service, before consideration of their claim for services. (Regulation 68, 65-3.5F).
“Consideration of your claim will remain delayed pending our receipt of said form and any other verification duly requested. (NF3 attached hereto).”
A follow-up verification request was sent by the defendant on September 22, 2005 as no verifications were supplied by the plaintiff within 30 calendar days of the original request (see, 11 NYCRR 65-3.6 [b]). It is unrefuted that the plaintiff has not responded to the defendant’s verification demands.
Electronic Signatures
The defendant contends, inter alia, that both the assignment of benefits (AOB) form and the NF-3 claim form contain electronic signatures of the assignor/patient Edison Alcantara. Further, the defendant states that both forms show the assignee/ provider’s signature as “on file.” The defendant argues that it was entitled to verify the signatures of the assignor/patient and the assignee/provider of health care services. The plaintiff does not rebut the documentary and testimonial evidence demonstrating that the defendant timely requested verification of the signatures of the assignor and assignee on both forms.
The plaintiff argues in opposition that the New York State Electronic Signatures and Records Act (ESRA) and the federal Electronic Signatures in Global and National Commerce Act (E-Sign) require the defendant insurance company to accept the electronic signature of the assignor/patient Edison Alcantara as equivalent to an original signature. The plaintiff contends that the New York state and federal laws give electronic signatures the same validity and effect as handwritten ones. Further, the plaintiff claims that a signature indicated as being “on file” is sufficient, and is not the equivalent of being absent from the particular form.
The defendant submits the October 25, 2006 opinion of the General Counsel’s Office of the New York State Insurance Department regarding electronic record retention of no-fault insurance claim forms in support of its argument that an insur *804 anee company is “not obligated to accept an electronic signature.” (Ops Gen Counsel NY Ins Dept No. 06-10-05 [Oct. 2006].) The General Counsel’s opinion addresses two questions presented by a firm representing radiology facilities inquiring whether it may use electronic documents and electronic signatures in submitting no-fault insurance claims. The first question presented asks: “Do the New York State Electronic Signatures and Records Act (‘ESRA’) and the federal Electronic Signatures in Global and National Commerce Act (‘E-Sign’) obligate an insurer to accept electronic records and signatures with No-Fault insurance claim forms?” The General Counsel’s answer was no. The Counsel states that “Neither E-Sign nor ESRA obligates an insurer to accept electronic records or signatures.” The second question presented asks: “May a digitally reproduced NF-AOB serve as an original document for purposes of a verification request by an insurer under Section 65-3.11 (c) of NY Comp. Codes R. & Regs. tit.11, Part 65 (Regulation 68)?” The General Counsel’s answer was “[y]es, provided that it is accurate and accessible as required under Section 7001 (d) (1) of E-Sign, and the insurer consents to the use of an electronic record as an original document.”
The General Counsel’s office examined the New York State law (ESRA) and the federal law (E-Sign), and concluded that neither law “obligates any person, including an insurer, to accept the use of electronic records and signatures. Accordingly, an insurer is not required to accept electronic records and signatures and may require that such records and signatures are submitted in hard copy form.” Moreover, the regulatory interpretations of the New York State Insurance Department are entitled to a “great deference” (see, Bronx Med. Servs., PC v Lumbermans Mut. Cas. Co., 2003 NY Slip Op 51022[U], *3 [App Term, 1st Dept 2003]; Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854 [2003]; Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N.Y., 72 NY2d 753 [1988]). Consequently, it is the opinion of this court that, as the defendant contends, with regard to a no-fault claim, an insurance company may choose to accept an electronic signature, but it is not obligated to do so. Hence, the defendant’s verification request was proper. As the plaintiff has not yet provided the demanded hard copy verification, the statutory period for the defendant to pay or to deny the plaintiffs claim continues to be tolled (see, Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co., 8 AD3d 533 [2d Dept 2004]; St. Vincent’s Hosp. of *805 Richmond v American Tr. Ins. Co., 299 AD2d 338 [2d Dept 2002]). As a consequence, the plaintiff’s claim herein is premature.
Further, although the plaintiff argues that there is no requirement that a no-fault AOB form contain a signature by the provider and that a signature indicated as being “on file” is sufficient, the form that the plaintiff elected to use clearly requires a “signature of provider.” The plain language of the no-fault insurance regulations requires that the provider submit a “properly executed assignment” on whatever form it chooses to submit. “It is well established that the No-Fault law is in derogation of the common law and must be ‘strictly construed’ ” (Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co., 210 AD2d 210 [2d Dept 1994]). Consequently, it is the opinion of the court that the plaintiff’s “on file” signature is not sufficient for a properly executed AOB form. As the plaintiff has also failed to comply with the defendant’s request for additional verification, the court finds that the 30-day period within which the defendant had to either pay or to deny the claim for no-fault benefits did not begin to run.
Accordingly, the defendant’s motion to dismiss is granted, and the plaintiffs cross motion is denied as moot.