■ WESTCHESTER MEDICAL CENTER, as Assignee of BRENDA RYAN, Appellant, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent. [843 NYS2d 636]—

In an action to recover no-fault insurance benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 13, 2006, which denied its motion for summary judgment on the complaint, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This case has its genesis in a one-car accident which occurred on February 3, 2006 and which resulted in serious injuries to the driver. At that time, the vehicle was insured under a policy of insurance issued by the defendant, Progressive Casualty Insurance Company (hereinafter Progressive). According to the police accident report, the driver of the car was cited for unsafe speed and driving while intoxicated.

Following the accident, the driver was transported to Westchester Medical Center (hereinafter the Hospital), where she remained until March 3, 2006. On March 14, 2006 the Hospital sent a hospital facility form (form N-F5) and a form UB-92 to Progressive, by certified mail, return receipt requested, seeking no-fault benefits in payment of the hospital bill. As per the return receipt, Progressive received these forms on March 16, 2006.

In support of its motion for summary judgment on the complaint, the Hospital submitted evidentiary proof that Progressive did not pay or deny the claim for no-fault medical payments within 30 days of receipt of the claim, as required by 11 NYCRR 65-3.8 (c). However, the evidence submitted by Progressive in opposition to the motion, and in support of its own cross motion for summary judgment dismissing the complaint, established that Progressive timely sought additional verification regarding the issue of the driver's alleged intoxication at the time of the accident, and that such information was never received (*see* 11 NYCRR 65-3.5 [a], [b], [c]; 65-3.8 [g]; *cf, Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274

[1997]). Under such circumstances, where there is no triable issue of fact as to whether the Hospital provided Progressive with the required information, the Hospital's claim for payment was premature. Accordingly, the Supreme Court properly granted Progressive's motion for summary judgment dismissing the complaint (*see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.*, 24 AD3d 492 [2005]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533 [2004]; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338 [2002])

Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.