■ SEECHARRAN THAKURDYAL, Appellant, v 341 SCHOLES STREET, LLC, Respondent. [855 NYS2d 641]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 7, 2007, as, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 317 to vacate a judgment of the same court (Partnow, J.) entered May 23, 2005, upon its failure to appear or answer.

Ordered that the order dated August 7, 2007 is reversed insofar as appealed from, with costs, that branch of the defendant's motion which was pursuant to CPLR 317 to vacate the judgment is denied, and the judgment is reinstated.

Service upon the defendant was effectuated through delivery of the summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306 (b) (1). A defendant served with a summons other than by personal delivery or to an agent designated under CPLR 318 may obtain relief pursuant to CPLR 317 upon a showing that it did not receive notice of

the summons in time to defend, and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143 [1986]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 968 [2006]). Unlike a motion to vacate under CPLR 5015 (a) (1), it is unnecessary for a defendant seeking relief under CPLR 317 to demonstrate a reasonable excuse for its default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 968 [2006]; *Marinoff v Natty Realty Corp.*, 17 AD3d 412 [2005]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]).

Here, the defendant met its burden of showing that it did not receive actual notice of the summons in time to defend (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 968 [2006]; *Marine v Federal Ins. Co.*, 293 AD2d 721 [2002]; *cf. Kaperonis v Aetna Cas. & Sur. Co.*, 254 AD2d 334 [1998]; *Board of Mgrs. of Landings at Patchogue Condominium v 263 Riv. Ave. Corp.*, 243 AD2d 668 [1997]; *Fleetwood Park Corp. v Jerrick Waterproofing Co.*, 203 AD2d 238, 239 [1994]; *Anchor Sav. Bank v Alpha Developers*, 143 AD2d 711, 713-714 [1988]). However, the defendant failed to submit competent evidence (*see generally Figueroa v Luna*, 281 AD2d 204, 205 [2001]) to demonstrate the existence of a potentially meritorious defense (*see* Labor Law § 240 [1]; *Dominguez v Carioscia*, 1 AD3d 396, 397 [2003]; *see e.g. Blair v Cristani*, 296 AD2d 471 [2002]; *Mannes v Kamber Mgt.*, 284 AD2d 310, 311 [2001]; *Wasilewski v Museum of Modern Art*, 260 AD2d 271 [1999]; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Xidias v Morris Park Contr. Corp.*, 35 AD3d 850, 851 [2006]).

Accordingly, the Supreme Court should not have, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 317 to vacate the judgment. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur. [*See* 16 Misc 3d 1121(A), 2007 NY Slip Op 51536(U).]