■ HOSPITAL FOR JOINT DISEASES, as Assignee of MARITZA DeTHOMAS, Appellant, v LINCOLN GENERAL INSURANCE COMPANY, Respondent. [865 NYS2d 297]—

In an action to recover no-fault medical benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 25, 2008, which granted the defendant's motion to vacate a clerk's judgment of the same court entered October 10, 2007, in its favor and against the defendant in the principal sum of $51,585.52, upon the defendant's failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

Service upon the defendant was effectuated through delivery of the summons and complaint upon the Assistant Deputy Superintendent and Chief of Insurance pursuant to Insurance Law § 1212 (*see New York & Presbyt. Hosp. v Allstate Ins. Co.,* 29 AD3d 968 [2006]; *Kaperonis v Aetna Cas. & Sur. Co.,* 254 AD2d 334 [1998]). Although the defendant's motion was made pursuant to CPLR 5015 (a) (1), under the circumstances of this case, it may be treated as a motion made under CPLR 317 as well (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 142-143 [1986]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497, 498 [1992]).

The defendant met its burden of showing that it did not receive actual notice of the summons in time to defend with an affidavit of its claims manager detailing its standard office practice concerning the handling of summonses and complaints, and asserting that the summons and complaint in this action was not received until after the entry of judgment (*see Marine v Federal Ins. Co.,* 293 AD2d 721 [2002]). The plaintiff's proof was insufficient to rebut that showing (*see Matter of Phoenix Ins. Co. v Tasch,* 306 AD2d 288 [2003]). Moreover, the defendant established that it may have a meritorious defense to the action (*see Taieb v Hilton Hotels Corp.,* 60 NY2d 725, 727 [1983]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.,* 8 AD3d 533, 535 [2004]; *Presbyterian Hosp. in City of N.Y. v General Acc. Ins. Co. of Am.,* 229 AD2d 479, 480 [1996]; *Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co.,* 216 AD2d 448 [1995]). Accordingly, the defendant's motion to vacate the clerk's judgment entered upon its failure to appear or answer was properly granted. Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.