MONTEFIORE MEDICAL CENTER et al., Respondents, v AUTO ONE INSURANCE COMPANY, Appellant. [871 NYS2d 285]—

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate a judgment entered upon its default in appearing or answering the complaint since it failed to demonstrate a reasonable excuse for the default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]). The plaintiffs established that they effectuated service upon the defendant through delivery of the summons and complaint upon the Assistant Deputy Superintendent and Chief of Insurance (*see* Insurance Law § 1212; *Hospital for Joint Diseases v Lincoln Gen. Ins. Co.*, 55 AD3d 543 [2008]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 968 [2006]; *Kaperonis v Aetna Cas. & Sur. Co.*, 254 AD2d 334 [1998]; *see also* CPLR 311 [a] [1]). The defendant did not contend that the address on file with the Superintendent of Insurance was incorrect, and the mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit of service (*see Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *Carrenard v Mass*, 11 AD3d 501 [2004]; *Truscello v Olympia Constr.*, 294 AD2d 350, 351 [2002]). Even if the defendant's motion were treated as one made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.*, 184 AD2d 497, 498 [1992]), the defendant failed to meet its burden of showing that it did not receive actual notice of the summons in time to defend the action (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *cf. Hospital for Joint Diseases v Lincoln Gen. Ins. Co.*, 55 AD3d 543 [2008]). Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.