■ WESTCHESTER MEDICAL CENTER, as Assignee of Bernard Porter, Appellant, v PHILADELPHIA INDEMNITY INSURANCE COMPANY, Respondent. [892 NYS2d 484]—

A defendant seeking to vacate a judgment entered upon its default in appearing and answering the complaint must demonstrate a reasonable excuse for its delay in appearing and answering, as well as the existence of a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Verde Elec. Corp. v*

*Federal Ins. Co.*, 50 AD3d 672, 672-673 [2008]). The Special Deputy Superintendent of the State of New York Insurance Department acknowledged service upon him of the summons and complaint in this matter and notified the defendant, through Debra Sutton at its Pennsylvania office, of service as effected above (*see* Insurance Law § 1212; *Montefiore Med. Ctr. v Auto One Ins. Co.*, 57 AD3d 958, 959 [2008]). In response, the defendant failed to meet its burden of showing a reasonable excuse for its failure to timely appear or answer the complaint and the existence of a meritorious defense. The affidavit of a senior claims examiner employed in the defendant's Texas office averred that there was no record of the summons and complaint in the defendant's computer system, but failed to demonstrate any knowledge of the office procedures employed in the handling of a summons and complaint received at the defendant's Pennsylvania office. Thus, that affidavit was insufficient to show that the failure to timely appear and answer was due to a clerical error which caused the summons and complaint to be overlooked (*see Montefiore Med. Ctr. v Auto One Ins. Co.*, 57 AD3d at 959; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 968 [2006]; *Kaperonis v Aetna Cas. & Sur. Co.*, 254 AD2d 334 [1998]; *cf. Hospital for Joint Diseases v Lincoln Gen. Ins. Co.*, 55 AD3d 543, 544 [2008]).

Furthermore, the defendant failed to set forth facts from an individual with personal knowledge sufficient to demonstrate the existence of a meritorious defense. The affidavit of the plaintiff's biller showed that the forms N-F5 and UB-92 relating to this matter were mailed on April 23, 2008, and signed for by the defendant on April 28, 2008. At that time, according to the defendant's own records, there were still sufficient funds remaining under the policy to pay this bill (*see* 11 NYCRR 65-3.15; *Nyack Hosp. v General Motors Acceptance Corp.*, 8 NY3d 294 [2007]). In response, the defendant offered only the same aforementioned affidavit, which also averred that there was no record of the bill in question in the defendant's computer system. This was insufficient for a similar reason; that is, the affiant failed to show any knowledge of the office procedures employed in the handling of billing forms received at the defendant's Pennsylvania office (*see St. Barnabas Hosp. v American Tr. Ins. Co.*, 57 AD3d 517 [2008]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d at 968; *see generally New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.*, 16 AD3d 391, 392 [2005]; *Peacock v Kalikow*, 239 AD2d 188, 190 [1997]; *cf. St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co.*, 50 AD3d 1123 [2008]). Accordingly, the defendant's motion to vacate the judgment entered upon its failure to appear or answer should have been denied.

The Supreme Court, in effect, denied, as academic, the plaintiff's motion to hold the defendant in contempt. In light of our determination, we remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion. Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.