■ PEOPLE's UNITED BANK, Appellant, v LATINI TUXEDO MANAGEMENT, LLC, et al., Defendants, and MOULTON PAVING, LLC, Respondent. [944 NYS2d 909]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated October 26, 2011, as denied that branch of its motion which was, in effect, to vacate so much of an order of the same court dated September 26, 2011, as granted that branch of the cross motion of the defendant Moulton Paving, LLC, which was for leave to enter a default judgment on its counterclaims against the plaintiff upon the plaintiff's failure to timely reply to the counterclaims.

Ordered that the order dated October 26, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was, in effect, to vacate so much of the order dated September 26, 2011, as granted that branch of the cross motion of the defendant Moulton Paving, LLC, which was for leave to enter a default judgment on its counterclaims against the plaintiff is granted.

In seeking to vacate a default, a party must establish both a reasonable excuse for its delay in answering or appearing and a potentially meritorious defense (see CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Tribeca Lending Corp. v Correa*, 92 AD3d 770 [2012]; *Westchester Med. Ctr. v Philadelphia Indem. Ins. Co.*, 69 AD3d 613 [2010]; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522 [2006]). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (*Walker v Mohammed*, 90 AD3d 1034, 1034 [2011]). Where a party asserts law office failure, it must provide "a detailed and credible explanation of the default" (*Kohn v Kohn*, 86 AD3d 630, 630 [2011] [internal quotation marks omitted]; see CPLR 2005; *Matter of Esposito*, 57 AD3d 894, 895 [2008]).

The Supreme Court improvidently exercised its discretion in rejecting the plaintiff's proffered excuse of law office failure, as the plaintiff provided a detailed and credible explanation that its approximately two-week delay in replying to the counterclaims asserted against it by the defendant Moulton Paving, LLC (hereinafter Moulton), resulted in part from its counsel's inadvertent miscalendaring of the time to reply (see *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp.*, 45 AD3d 634, 636 [2007]). Further, the plaintiff set forth potentially meritorious defenses to the counterclaims (see *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 179 [2011]; *Howard Sav. Bank v Lefcon Partnership*, 209 AD2d 473, 476 [1994]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, to vacate so much of an order dated September 26, 2011, as granted that branch of Moulton's cross motion which was for leave to enter a default judgment on its counterclaims against the plaintiff. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.