■ MOUNT SINAI HOSPITAL, as Assignee of Chun Chen, Respondent, v AUTO ONE INSURANCE COMPANY, Appellant. [994 NYS2d 667]—

In an action to recover no-fault benefits under a policy of automobile insurance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered January 29, 2014, as denied, as premature, its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 25, 2012, the plaintiff's assignor, Chun Chen,

was allegedly involved in an accident that occurred while he was a passenger in an automobile. More than three months later, on January 15, 2013, Chen was admitted to a facility operated by Mount Sinai Hospital (hereinafter the hospital), where he allegedly remained until the next day. On January 31, 2013, Hospital Receivables Systems, Inc. (hereinafter Hospital Receivables), on behalf of the hospital, sent the prescribed "no-fault NF-5 form" request for payment to the defendant Auto One Insurance Company (hereinafter Auto One) with respect to medical treatment which Chen had received at the hospital. Auto One received this form by February 4, 2013.

On February 14, 2013, Auto One sent the hospital a request for additional verification seeking, inter alia, "colored photos of surgery, [c]ervical spine MRI films for 11/15/12 and 12/13/12, [and] [c]omplete prior medical records from Dr. Leonid Reyfman for prior injury in 2011 to include any surgery records and prior MRI films." Auto One also allegedly sent copies of this request for verification to Chen himself.

In a letter dated March 6, 2013, a representative of Hospital Receivables advised Auto One that "the hospital is not in possession of prior medical records from Dr. Leonid Reyfman including any surgery records and prior MRI Films"; that the hospital was not "in possession of any color photos of the surgery"; and that the hospital "was not authorized to release the actual cervical spine films that are in their [sic] possession." This letter also indicated that the complete medical records maintained by the hospital referable to its treatment of Chen had been mailed to Auto One on March 5, 2013. Thereafter, Auto One sent a second request for verification dated March 19, 2013. In response thereto, Hospital Receivables, in effect, stated that it had already complied with the verification request.

In April 2013, the hospital, as assignee of Chen, commenced this action seeking payment of no-fault benefits. As relevant to this appeal, the Supreme Court denied Auto One's cross motion for summary judgment dismissing the complaint, which was premised on the theory that the existence of outstanding requests for verification rendered the action premature. Auto One appeals.

When a health care provider, as assignee of a no-fault claimant, fails to respond to a verification request, including any follow-up request, " 'the 30-day period in which to pay or deny the claim does not begin to run, and any claim for payment by the hospital is premature' " (*Mount Sinai Hosp. v Chubb Group of Ins. Cos.*, 43 AD3d 889, 890 [2007], quoting *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d

568, 570 [2004]; *see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.*, 24 AD3d 492 [2005]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 19 AD3d 569 [2005]). Here, Auto One failed to demonstrate its prima facie entitlement to judgment as a matter of law, since the record reveals that the hospital replied to the verification request with respect to those records in the hospital's possession that it alleged it was authorized to release. In addition, there remain triable issues of fact regarding the "propriety" of some of Auto One's requests for verification, including whether the items requested existed or were in the possession of the hospital or Chen (*Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 17 [1999]; *cf. Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 43 AD3d 1039, 1040 [2007]). Thus, the Supreme Court properly denied, as premature, Auto One's cross motion for summary judgment dismissing the complaint.

Given the existence of the triable issues of fact outlined above, there is no merit to the hospital's contention that we should search the record and award it summary judgment. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.