Compas Medical, P.C., as Assignee of KELVIN CARRINGTON, Appellant,
against
Travelers Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered April 3, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the second through eighth causes of action on the ground that plaintiff had failed to appear for examinations under oath are denied; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a determination of the branch of defendant's motion seeking summary judgment dismissing the seventh cause of action on the ground of a lack of medical necessity.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint.
Contrary to plaintiff's only contentions as to the first cause of action, defendant's submissions were sufficient to give rise to a presumption that the initial and follow-up verification requests had been properly mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and to demonstrate that defendant had not received the requested verification and, thus, that the action is premature (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]). Consequently, plaintiff has shown no basis to disturb the Civil Court's order as to that cause of action.
As to the second through eighth causes of action, plaintiff correctly argues that defendant failed to submit proof by someone with personal knowledge attesting to the nonappearance of plaintiff for examinations under oath (EUOs) (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, the branches of defendant's motion seeking summary judgment dismissing those causes of action on the ground that plaintiff had failed to appear for EUOs should have been denied.
As to the seventh cause of action, defendant asserted a lack of medical necessity defense in addition to its defense based on plaintiff's failure to appear for EUOs. Because the Civil Court granted the branch of defendant's motion seeking to dismiss that cause of action on the ground that plaintiff had failed to appear for EUOs, it did not decide the branch of defendant's motion [*2]seeking to dismiss that cause of action on the ground of a lack of medical necessity. Therefore, the matter is remitted for a determination of that branch of defendant's motion.
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the second through eighth causes of action on the ground that plaintiff had failed to appear for EUOs are denied, and the matter is remitted to the Civil Court for a determination of the branch of defendant's motion seeking summary judgment dismissing the seventh cause of action on the ground of a lack of medical necessity.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016