Compas Medical, P.C., as Assignee of MARIE EXUME, Appellant, 
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered April 10, 2014. The order, insofar as appealed from and as limited by the brief, denied the branches of plaintiff's motion seeking summary judgment on the first, second and fifth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing the first and fifth causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first and fifth causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by its brief, from so much of an order of the Civil Court as denied the branches of plaintiff's motion seeking summary judgment on the first, second and fifth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing the first and fifth causes of action.
Contrary to plaintiff's argument as to the first and fifth causes of action, the proof submitted by defendant was sufficient to demonstrate that defendant had not received requested verification and, thus, that these causes of action are premature (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]). However, as plaintiff further argues, the affidavit by plaintiff's owner, submitted in opposition to defendant's cross motion, was sufficient to give rise to a presumption that the requested verification had been mailed to, and received by, defendant (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In light of the foregoing, there is a triable issue of fact as to whether these causes of action are premature (see Compas Med., P.C. v Praetorian Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Contrary to plaintiff's argument with respect to the branch of its motion seeking summary judgment on its second cause of action, defendant sufficiently described its practices and procedures for the receipt of mail so as to raise an issue of fact as to whether it ever received the claim underlying the second cause of action. 
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first and fifth causes of action are denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016