Broadway Massage Therapy, P.C., as Assignee of Anthony Moore, Broadway One Acupuncture, P.C., as Assignee of Anthony Moore, and May Chiropractic, P.C., as Assignee of Anthony Moore, Respondents,
against
Citiwide Auto Leasing, Appellant. NO. DECIDED Miller, Leiby & Associates, P.C., Melissa M. Wolin, Esq., for appellant. Zara Javakov, P.C., Zara Javakov, Esq., for respondents.



Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered August 19, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claims by plaintiff Broadway Massage Therapy, P.C. in the amounts of $464.94 and $132.84, received by defendant on March 28, 2013, is granted without prejudice and the branch of defendant's motion seeking summary judgment dismissing the remainder of the complaint is granted with prejudice.
In this action by providers to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
With respect to claims received by defendant on March 28, 2013 from plaintiff Broadway [*2]Massage Therapy, P.C. (Broadway Massage) seeking reimbursement in the amounts of $464.94 and $132.84, the affidavit of defendant's claims manager established that defendant had timely mailed its verification requests and follow-up verification requests (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Pomona Med. Diagnostics, P.C. v Travelers Ins. Co., 31 Misc 3d 127[A], 2011 NY Slip Op 50447[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and established, prima facie, that the requested verification had not been received (see 11 NYCRR 65-3.8 [a]; Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]). In opposition to defendant's motion, Broadway Massage failed to raise a triable issue of fact. Since a no-fault claim need not be paid or denied until all demanded documentary verification with respect thereto has been provided (see Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [1999]), a timely verification request tolls an insurer's time to pay or deny the claim. Thus, so much of the action as seeks to recover payment on these two claims from Broadway Massage is premature, and defendant is entitled to summary judgment dismissing without prejudice so much of the complaint as sought to recover upon these claims.
As to the remaining claims, defendant submitted an affidavit by the office manager for National Claim Evaluations, Inc., a company that defendant had retained to schedule independent medical examinations (IMEs) of plaintiffs' assignor. The affidavit sufficiently established that the IME requests had been timely mailed (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). Defendant also submitted affirmations from the doctors who were to perform the IMEs, which sufficiently established that the assignor had failed to appear for those duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, defendant demonstrated that plaintiffs' assignor had failed to comply with a condition precedent to coverage (see 11 NYCRR 65-1.1; Stephen Fogel Psychological, P.C., 35 AD3d at 722). In addition, the affidavit executed by defendant's claims manager demonstrated that the denial of claim forms, which denied these claims based on plaintiffs' assignor's nonappearance at the IMEs, had been timely mailed (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). As plaintiffs failed to raise a triable issue of fact with respect to their assignor's nonappearances at the IMEs, the Civil Court should have granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon these claims.
Accordingly, the order is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claims by plaintiff Broadway Massage Therapy, P.C. in the amounts of $464.94 and $132.84, received by defendant on March 28, 2013, is granted without prejudice and the branch of defendant's motion seeking summary judgment dismissing the remainder of the complaint is granted with prejudice.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017