New Horizon Surgical Center, L.L.C., as Assignee of Kelvyn Aguilar, Respondent,
against
Travelers Insurance, Appellant.




Law Offices of Aloy O. Ibuzor (Alla Peker of counsel), for appellant.
Law Office of Stephen A. Strauss, P.C. (Colleen M. Terry of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Orlando Marrazzo, Jr., J.), entered September 22, 2016. The order, insofar as appealed from, denied the branch of defendant's motion seeking summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branch of defendant's motion seeking summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied the branch of defendant's motion which had sought summary judgment dismissing the complaint on the ground that the action was premature because plaintiff had failed to provide requested verification.
In support of its motion, defendant established that it had timely mailed initial and follow-up verification requests (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant also demonstrated, prima facie, that it had not received all of the requested verification and, thus, that plaintiff's action is premature (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]). In opposition to the motion, plaintiff submitted an affidavit which stated that all of the verification requested by defendant was provided to defendant and that a copy of the verification provided was annexed. Among the documents annexed was a medical report in which the treating provider stated that plaintiff's assignor had signed a "separate, comprehensive Informed Consent Form which has been made a portion of the patient's chart." Defendant's verification request included a request for a signed informed consent form executed by plaintiff's assignor. However, no such document was annexed to plaintiff's papers as having been provided to defendant. Thus, plaintiff failed to raise [*2]an issue of fact as to whether it had provided all of the requested verification.
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's motion seeking summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 08, 2019