Jules Francois Parisien, M.D, as Assignee of Jenkins David, Appellant, 
against
Travelers Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Aloy O. Ibuzor, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered February 15, 2017. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the first through tenth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing the fifth, sixth, and eighth through tenth causes of action.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as denied the branches of plaintiff's motion seeking summary judgment on the first through tenth causes of action and granted the branches of defendant's cross motion which sought summary judgment dismissing the fifth, sixth, and eighth through tenth causes of action on the grounds that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and that the action was premature because plaintiff had failed to provide requested verification.
As to the fifth, sixth, and eighth through tenth causes of action, defendant demonstrated that it had timely mailed initial and follow-up requests for verification (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and that it had not received the requested verification. Thus, contrary to plaintiff's contention, defendant demonstrated, prima facie, that the fifth, sixth, and eighth through tenth causes of action are premature (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492, 493 [2005]). 
As to the first through fourth and seventh causes of action, contrary to plaintiff's further contention, plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of [*2]law, as the proof submitted in support of its motion failed to establish either that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2019