■ HOSPITAL FOR JOINT DISEASES, as Assignee of IRENE ALLEN, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [773 NYS2d 427]—

In an action to recover unpaid benefits due under the no-fault provisions of the Insurance Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 31, 2003, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Hospital for Joint Diseases, as assignee of its patient, alleged in its complaint that the defendant no-fault

insurer was liable for two no-fault claims which were mailed on March 6, 2002, because it neither paid nor denied the claims within 30 days of receipt, as required by Insurance Law § 5106 (a) and the corresponding regulation of the Insurance Department, 11 NYCRR 65.15 (g) (3). Thereafter, the plaintiff made the same argument in a motion for summary judgment.

The defendant cross-moved for summary judgment dismissing the complaint, submitting evidence that before the medical services at issue were rendered, it had notified the plaintiff's assignor that it had terminated her no-fault benefits based upon an independent medical examination, and that the plaintiff had previously submitted claims for these same billings which the defendant timely denied. The Supreme Court denied the plaintiff's motion, granted the defendant's cross motion, and dismissed the complaint. The plaintiff appeals.

We affirm. Under the no-fault law, a claimant whose claim for benefits has been denied is entitled to "seek immediate redress, and to recover both the amount of any overdue claim and reasonable attorney's fees in securing payment" (*Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 262 [1985]). A claimant may either file suit seeking payment of the claim, or, pursuant to Insurance Law § 5106 (b), submit the dispute to arbitration, pursuant to simplified procedures promulgated by the Insurance Department. In this case, the plaintiff did neither, opting instead to repeatedly resubmit the denied claims, apparently in the hope that eventually the defendant would fail to issue a denial within 30 days of receipt. We hold, however, that the 30-day period in which to deny a claim for no-fault benefits does not run anew as the result of the re-submission of a previously-denied claim.

Since the plaintiff's complaint was predicated solely upon the defendant's failure to pay or deny the claims sent March 6, 2002, within 30 days of receipt, and the defendant established that it previously issued timely denials for identical claims submitted by the plaintiff, the defendant was properly granted summary judgment dismissing the complaint.

In light of the foregoing, we do not reach the parties' remaining contentions. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.