■ NEW YORK AND PRESBYTERIAN HOSPITAL, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [786 NYS2d 68]—

In an action to recover no-fault medical payments, the defendant appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 17, 2003, which granted the plaintiff's motion for summary judgment on its first and second causes of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In its first cause of action, the plaintiff alleged that it submitted a "no-fault" claim as assignee of Adrian Leaf and, in effect, that the defendant failed to issue a denial of the claim within 30 days of its receipt thereof. In its second cause of action, the plaintiff alleged that it submitted a "no-fault" claim as assignee of Noemi Gomez and, in effect, that the defendant failed to issue a denial of the claim within 30 days of its receipt thereof. The plaintiff asserts that the defendant is liable for the full amount of each claim on the ground that it failed to timely deny the claims.

With respect to the plaintiff's first cause of action, the plaintiff demonstrated its entitlement to judgment as a matter of law by establishing that it "submitted the requisite documents for payment, but [the defendant] neither paid nor denied the claims, nor requested verification within the requisite periods" (*New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568, 570 [2004]). In opposition thereto, the defendant demonstrated that there were issues of fact as to whether it partially exhausted the coverage limits of the policy by other "no-fault" payments and whether such payments were in compliance with 11 NYCRR 65.15 (n). The defendant's failure to issue a denial of the claim within 30 days does not "preclude a defense that the coverage limits of the subject policy have been exhausted" (*Presbyterian Hosp. in City of N.Y. v General Acc. Ins. Co. of Am.,* 229 AD2d 479, 480 [1996]; *see Presbyterian Hosp. of N.Y. v Liberty Mut. Ins. Co.,* 216 AD2d 448 [1995]).

With respect to the plaintiff's second cause of action to recover for services provided to Gomez, the defendant, in opposition to the plaintiff's demonstration of its entitlement to summary judgment, submitted evidence that the disputed claim was the second of two successive claims for the same services, the first of which was properly denied. A failure to issue a timely written denial of the second of these two successive but identical claims would not warrant granting the plaintiff judgment as a matter of law (*see Hospital for Joint Diseases v Allstate Ins. Co.,* 5 AD3d 441 [2004]). Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.