OPINION OF THE COURT
C. Stephen Hackeling, J.
The above-captioned medical service provider plaintiff brings this action pursuant to the provisions of section 5106 of the Insurance Law to recover $1,876.76 of “no-fault” claim benefits after the defendant timely denied same upon the grounds that the claim was not “properly rated” and that the fees were in excess of the workers’ compensation fee schedule.
The parties stipulated to a framed issue trial and ask the court to direct judgment resolving the issue of whether paragraph 11 of the Official New York Workers’ Compensation Medical Fee Schedule, Physical Medicine (2010) limits claims reimbursement to 8.0 units (codes) per day for each provider individually or for all provider claims cumulatively. It is the defendant insurance company’s position that the provisions of 11 NYCRR 65-3.15 require the court to interpret paragraph 11 as an “exhaustion” regulation, similar to the $50,000 claim limitation contained therein, which acts as a bar to all subsequent claimants. The plaintiffs contention is that the 8-unit rule is applied per claim and is not a bar to subsequent claimants.
The undisputed facts are that the plaintiff medical provider timely submitted claims for assorted code procedures constituting 10 units. It is the defendant’s undisputed contention that prior to the receipt of the plaintiffs claim (and or verification responses) that the defendant already had reimbursed other providers for 8.0 units of services and it was therefore entitled to deny the plaintiffs claim.
11 NYCRR 65-3.15 provides as follows:
“Computation of basic economic loss “When claims aggregate to more than $50,000, payments for basic economic loss shall be made to the applicant and/or an assignee in the order in which each service was rendered or each expense was incurred, provided claims therefor were made to the insurer prior to the exhaustion of the $50,000. If the insurer pays the $50,000 before receiving claims for services rendered prior in time to those which were paid, the insurer will not be liable to pay such late claims. If the insurer receives claims of a number of providers of services, at the same time, *985 the payments shall be made in the order of rendition of services.”
Paragraph 11 of the Official New York Workers’ Compensation Medical Fee Schedule, Physical Medicine (2010) provides: “Multiple Physical Medicine Procedures and Modalities: When multiple physical medicine procedures and/or modalities are performed on the same day, reimbursement is limited to 8.0 units or the amount billed, whichever is less. The following codes represent the physical medicine procedures and modalities subject to this rule.”
The parties advised the court that the proffered issue is a matter of first impression and that no reported precedent exists which interprets paragraph 11 of the Official New York Workers’ Compensation Medical Fee Schedule, Physical Medicine (2010). The court’s independent research corroborates this fact.
It is the court’s determination that the claim benefit exhaustion concept described in regulation 11 NYCRR 65-3.15 is inapplicable to the excessive fee limitations imposed by paragraph 11 of the Official New York Workers’ Compensation Medical Fee Schedule. They are distinct and separate regulatory mechanisms which make no reference to each other. The section 65-3.15 $50,000 policy limit is a “non-waivable” defense which need not be raised in the defendant’s denial of claim. (See New York & Presbyt. Hosp. v Allstate Ins. Co., 12 AD3d 579 [2d Dept 2004]; Westchester Med. Ctr. v Allstate Ins. Co., 17 Misc 3d 1134[A], 2007 NY Slip Op 52257DJ] [Sup Ct, Nassau County 2007].) The paragraph 11 excessive fee schedule defense is waivable and must be timely asserted in its claim denial or it is precluded from being thereafter interposed. (See Triboro Chiropractic & Acupuncture P.L.L.C. v New York Cent. Mut. Fire Ins. Co., 7 Misc 3d 138[A], 2005 NY Slip Op 50856[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005], citing Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].)
The purpose of the workers’ compensation medical fee schedule is to prevent “excessive billing” by each individual provider and not to create an “exhaustion” of benefits competition between claimants as is clearly the intent of section 65-3.15. The fee schedule is a guideline on how to properly fill out and submit a claim. Such a finding is consistent with the Court of Appeals’ direction to interpret “no-fault” regulations in such a manner as to not frustrate the legislative intent of requiring prompt payment of benefits. (See Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007], citing Matter of Medical Socy. *986 of State of N.Y. v Serio, 100 NY2d 854 [2003].) Paragraph 11 does not indicate that it regulates benefits for “all” claims on any given day.
The regulating authority could have easily included the phrase “for all claimants,” if that was its intent. The interpretation of regulations must be consistent with its authorizing statute. (See Matter of Luxenberg v Stichman, 208 Misc 706 [Sup Ct, Bronx County 1955], citing Lightbody v Russell, 293 NY 492 [1944]; see also generally Boreali v Axelrod, 71 NY2d 1 [1987].)
Accordingly, the court enters judgment for the plaintiff allowing reimbursement for 8 of its claims’ 10 billing units, in the sum of $1,876.76 plus appropriate statutory interest, attorneys fees and costs.