Easy Care Acupuncture, PC, a/a/o 
 Sara Bohorquez, Plaintiff-Appellant,
against
MVAIC, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Rubén Franco, J.), entered May 5, 2015, which denied plaintiff's motion to compel discovery and granted defendant's cross motion for summary judgment dismissing the complaint.




Per Curiam. 
Order (Rubén Franco, J.), May 5, 2015, reversed, with $10 costs, defendant's cross motion denied, the complaint reinstated and matter remanded to Civil Court for determination of plaintiff's motion to compel discovery.
This action, seeking recovery of assigned first party no-fault benefits, is not ripe for summary dismissal. While the record reflects that defendant properly paid a portion of the submitted claims for acupuncture services pursuant to the workers compensation fee schedule (see Akita Med. Acupuncture, P.C. v Clarendon Ins. Co., 41 Misc 3d 134[A], 2013 NY Slip Op 51860 [U] [App Term 1st Dept 2013]), triable issues remain with respect to the claims denied in whole or part by defendant on the stated basis that the maximum payment had already been made for the billed codes (see TC Acupuncture, P.C., v Tri-State Consumer Ins. Co., 52 Misc 3d 131[A], 2016 NY Slip Op 50978[U] [App Term, 1st Dept 2016]; Sunrise Acupuncture PC v Tri-State Consumer Ins. Co., 42 Misc 3d 151[A], 2014 NY Slip Op 50435 [U] [App Term 1st Dept 2014]). Defendant's submission reveals the existence of triable issues of fact as to whether defendant partially exhausted the coverage by payments to another provider, and whether those payments were proper under the insurance department regulations. Defendant's failure to deny the claim within 30 days does not preclude a defense that the coverage limits have been exhausted (see New York & Presbyt. Hosp. v Allstate Ins. Co., 12 AD3d 579 [2004]).

We remand the matter for further proceedings, including disposition of plaintiff's motion to compel discovery, denied as moot below.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2016