A.C. Med., P.C. v New York Cent. Mut. Fire Ins. Co. (2021 NY Slip Op
50841(U))

[*1]

A.C. Med., P.C. v New York Cent. Mut. Fire Ins. Co.

2021 NY Slip Op 50841(U) [72 Misc 3d 141(A)]

Decided on August 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2385 K C

A.C. Medical, P.C., as Assignee of Alan
Bailey, Respondent, 
against
New York Central Mutual Fire Insurance Company, Appellant.

Nightingale Law, P.C. (Michael S. Nightingale and Bryan Melnick of counsel), for appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt and Jamin Koo of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L.
Thompson, J.), entered November 20, 2018. The order, insofar as appealed from, denied
defendant's motion for summary judgment dismissing the complaint and granted the branch of
plaintiff's amended cross motion seeking leave to amend its summons and endorsed
complaint.

ORDERED that the order, insofar as appealed from, is modified by providing that
defendant's motion for summary judgment dismissing the complaint is granted; as so modified,
the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover the principal sum of $3,268.16 representing assigned
first-party no-fault benefits, defendant moved for summary judgment on the ground that the
action is premature. Defendant alleged that, on November 28, 2016, it received two bills dated
November 21, 2016 from plaintiff totaling $3,268.16, for medical services provided to plaintiff's
assignor, Alan Bailey, on November 18, 2016. Each bill included a $241.50 electromyography
service. Defendant further alleged that it timely mailed initial and follow-up requests for
additional verification, and that plaintiff had not provided the requested verification with respect
to the electromyography services. 
On September 20, 2018, plaintiff served an amended cross motion seeking summary
judgment and, pursuant to CPLR 3025 (b), leave to amend the summons and endorsed complaint
such that it now sought to recover $2,785.16 for services rendered on November 18, 2016.
Plaintiff claimed, in the papers submitted in support of its amended cross motion, that, in March
[*2]2017, it had submitted two bills dated March 29, 2017 to
defendant, for services rendered to Mr. Bailey on November 18, 2016, in the total amount of
$2,785.16. The sole explanation for the submission of what plaintiff characterized as "amended
bills" was a sworn statement by plaintiff's medical billing supervisor that she "was made aware
that the defendant was addressing bills with the incorrect amount and requesting verification for
services that were mistakenly added to the bill." Copies of the March 2017 bills were attached to
plaintiff's amended cross motion, which reflect all of the services billed for in the November
2016 submissions, with the exception of the two electromyography services. They are not labeled
"amended bills," nor is there any indication in this record that plaintiff communicated to
defendant at the time that it intended to replace the November bills with the March bills.
Defendant opposed the branch of plaintiff's amended cross motion seeking summary judgment,
but defendant's papers were silent with respect to the branch of plaintiff's amended cross motion
seeking leave to amend its summons and endorsed complaint. Defendant appeals from so much
of an order of the Civil Court as denied defendant's motion for summary judgment and granted
the branch of plaintiff's amended cross motion seeking leave to amend the summons and
endorsed complaint.
To the extent that defendant argues that the branch of plaintiff's amended cross motion
seeking leave to amend its summons and endorsed complaint should not have been granted
because defendant was not served with it prior to a November 20, 2018 court appearance, the
record does not support defendant's contention. Plaintiff's affidavit of service demonstrates that
the amended cross motion was served on September 20, 2018. Defendant's affidavit of service
demonstrates that it served its papers a month later, on October 22, 2018. By failing to make any
arguments in opposition to plaintiff's request to amend the summons and endorsed complaint in
those papers, defendant waived them and we do not consider them (see Joe v Upper Room Ministries, Inc.,
88 AD3d 963 [2011]; Mind &
Body Acupuncture, P.C. v Elrac, Inc., 48 Misc 3d 139[A], 2015 NY Slip Op 51219[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
With respect to defendant's motion for summary judgment, which sought dismissal of the
original complaint prior to its amendment, defendant demonstrated that it had timely mailed
initial and follow-up requests for verification upon receipt of plaintiff's bills on November 28,
2016 (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and that its 30-day
period to pay or deny those bills (see 11 NYCRR 65-3.8 [a] [1]) did not begin to run
because verification remained outstanding. Defendant thus demonstrated, prima facie, that this
action is premature. 
Plaintiff has not raised an issue of fact precluding summary judgment dismissing the
complaint on the ground that the action is premature. Whereas this action was commenced to
recover the principal sum of $3,268.16 (the amount sought in the November bills), plaintiff has
now elected not to pursue payment for the $483 electromyography services that were the subject
of the outstanding verification requests, but it cannot retroactively create an obligation for
defendant to have paid or denied the remaining claims totaling $2,785.16, thereby providing a
basis for this action (see Central Suffolk
Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492, 493 [2005]; Westchester Med. Ctr. v A Cent. Ins.
Co., 42 Misc 3d 146[A], 2014 NY Slip Op [*3]50347[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Under the circumstances presented, the
submission of the March 2017 bills did not create a new obligation for defendant to pay or deny
plaintiff's duplicate claims for the remaining services, totaling $2,785.16, within 30 days, nor did
it give defendant a new opportunity to request additional verification with respect to those
services (see Hospital for Joint Diseases
v Allstate Ins. Co., 5 AD3d 441 [2004]; Westchester Med. Ctr. v A Cent. Ins. Co., 42 Misc 3d 146[A], 2014
NY Slip Op 50347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), and plaintiff has
not demonstrated that these bills were anything other than a nullity.
In view of the foregoing, we need not decide whether plaintiff could have ended the toll of
defendant's time to pay or deny the November 2016 claims by withdrawing the claims for
electromyography services during claims processing, prior to the commencement of this action.
Consequently, plaintiff did not raise a triable issue of fact and defendant's motion for summary
judgment dismissing the complaint should have been granted. 
Accordingly, the order, insofar as appealed from, is modified by providing that defendant's
motion for summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2021