Ford Motor Credit Co. v Hooker (2022 NY Slip Op 50279(U))

[*1]

Ford Motor Credit Co. v Hooker

2022 NY Slip Op 50279(U) [74 Misc 3d 134(A)]

Decided on March 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2020-953 N C

Ford Motor Credit Company, Respondent,
against
Christopher Hooker, Appellant. 

Christopher Hooker, appellant pro se.
Rubin & Rothman, LLC (Michael K. Johnson of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia,
J.), entered October 22, 2020. The order denied defendant's motion seeking, in effect, leave to
reargue its prior motion to vacate a judgment of that court entered July 12, 2004 upon defendant's
failure to appear or answer the complaint or, in the alternative, to vacate the judgment on the
ground that more than 10 years had elapsed before plaintiff attempted to collect on the
judgment.

ORDERED that so much of the appeal as is from so much of the order as denied the branch
of defendant's motion seeking leave to reargue its prior motion to vacate a judgment of that court
entered July 12, 2004 is dismissed; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, without costs.
In this action to recover for breach of an automobile lease agreement, a judgment was
entered on July 12, 2004 awarding plaintiff the sum of $14,828.13 upon defendant's failure to
appear or answer the complaint. On March 16, 2017, defendant moved to vacate the 2004 default
judgment on the ground that he had never been personally served with process. By order entered
August 18, 2017, the District Court denied the motion. This court affirmed that order by decision
and order dated December 13, 2018 (Ford Motor Credit Co. v Hooker, 62 Misc 3d [*2]129[A], 2018 NY Slip Op 51877[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]) and denied defendant's motion to reargue the appeal or in the
alternative, for leave to appeal to the Appellate Division, by decision and order on motion dated
May 7, 2019 (Ford Motor Credit Co. v Hooker, 2019 NY Slip Op 70524[U] [App Term,
2d Dept, 9th & 10th Jud Dists 2019]).
Defendant subsequently moved to vacate the 2004 default judgment on the ground that he
had never been personally served with process or, in the alternative, on the ground that more than
10 years had elapsed before plaintiff attempted to collect on the judgment. The District Court
denied the motion by order entered October 22, 2020.
The branch of defendant's motion seeking to vacate the default judgment based upon lack of
personal jurisdiction sought, in effect, leave to reargue defendant's original motion. So much of
the appeal as is from so much of the October 22, 2020 order as denied that branch of the order is
dismissed, as no appeal lies from an order denying reargument (see D'Alessandro v Carro, 123 AD3d
1 [2014]; CPLR 2221 [e] [2]).
The court properly denied the branch of defendant's motion seeking to vacate the judgment
on the ground that more than 10 years had elapsed before plaintiff sought to enforce the
judgment. A plaintiff has 20 years to collect a money judgment (see CPLR 211 [b]; First NY Bank for Bus. v Alexander,
106 AD3d 138 [2013]).
Accordingly, the order, insofar as reviewed, is affirmed. 
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 3, 2022