Allstate Fire & Cas. Ins. Co. v Branch Med., P.C. (2022 NY Slip Op
50277(U))

[*1]

Allstate Fire & Cas. Ins. Co. v Branch Med., P.C.

2022 NY Slip Op 50277(U) [74 Misc 3d 134(A)]

Decided on April 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570004/22

Allstate Fire & Casualty Insurance
Company, Petitioner-Respondent, 
against
Branch Medical, P.C. a/a/o Vida Nyarko,
Respondent-Appellant.

Respondent appeals from an order of the Civil Court of the City of New York, New York
County (Sabrina B. Kraus, J.), dated October 4, 2021, which granted the petition of Allstate Fire
& Casualty Insurance Company to vacate a master arbitrator's award and denied
respondent's cross-motion to confirm the arbitration award.

Per Curiam.
Order (Sabrina B. Kraus, J.), dated October 4, 2021, affirmed, with $10 costs.
Civil Court properly vacated the master arbitrator's award and denied respondent's cross
motion to confirm the award. When an insurer "has paid the full monetary limits set forth in the
policy, its duties under the contract of insurance cease" (Countrywide Ins. Co v Sawh,
272 AD2d 245 [2000][internal quotation marks omitted]). An arbitrator's award directing
payment in excess of the monetary limit of a no-fault insurance policy exceeds the arbitrator's
power and constitutes grounds for vacatur of the award (see Matter of Brijmohan v State
Farm Ins. Co., 92 NY2d 821, 823 [1998]; Matter of Ameriprise Ins. Co. v Kensington Radiology Group, P.C., 179
AD3d 563 [2020]). A defense that the coverage limits of the policy have been exhausted
may be asserted by an insurer despite its failure to issue a denial of the claim within the
30—day period (see New York
& Presbyt. Hosp. v Allstate Ins. Co., 12 AD3d 579, 580 [2004]).
At the framed issue hearing on the issue of policy exhaustion, petitioner's submissions were
sufficient to establish that the policy had been exhausted on May 8, 2019 by payments of no-fault
benefits to other health care providers and lost wages to the assignor before petitioner was
obligated to pay the claim at issue here (see Allstate Prop. & Cas. Ins. Co. v Northeast Anesthesia & Pain
Mgt., 51 Misc 3d 149[A], 2016 NY Slip Op 50828[U][App Term, 1st Dept 2016]). The
evidence includes the testimony of petitioner's claims adjustor, coupled with the policy
declaration page showing a $50,000 policy limit for Personal Injury Protection coverage and a
$25,000 limit for Optional Basic Economic Loss coverage, a payment ledger listing in
chronological order the dates the claims by various providers were received and paid, and a [*2]ledger showing the dates and amounts of lost earnings reimbursed
to the assignor. In response, respondent called no witnesses nor offered any evidence at the
hearing.
Contrary to respondent's contention, petitioner was not precluded by 11 NYCRR 65-3.15
from paying other legitimate claims subsequent to the denial of respondent's claims (see Allstate Prop. & Cas. Ins. Co. v
Northeast Anesthesia & Pain Mgt., 51 Misc 3d 149[A]; Harmonic Physical Therapy, P.C. v
Praetorian Ins. Co., 47 Misc 3d 137[A], 2015 NY Slip Op 50525[U][App Term, 1st
Dept 2015]). Adopting respondent's position, which would require petitioner to delay payment on
uncontested claims pending resolution of respondent's disputed claims "runs counter to the
no-fault regulatory scheme, which is designed to promote prompt payment of legitimate claims"
(Nyack Hosp. v General Motors
Acceptance Corp., 8 NY3d 294, 300 [2007]). Respondent's contention that the other
claims paid by petitioner were not shown to be "verified" is unpreserved as a matter of law for
this court's review, no such argument having been raised at Civil Court (see Matter of Allcity
Ins. Co. [Rodriguez], 212 AD2d 405 [1995]). The alleged defect in petitioner's proof could
have been raised at the framed issue hearing. An appellate court should not, and will not,
consider different theories or new questions, if proof might have been offered to refute or
overcome them had those theories or questions been presented in the court of first instance
(see Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342, 349 [1955];
Douglas Elliman-Gibbons & Ives v Kellerman, 172 AD2d 307 [1991], lv
denied 78 NY2d 856 [1991]).
Having admitted in its papers that the assignor was a pedestrian, respondent may not now
claim that additional personal injury protection (APIP) benefits are payable because "there was
no evidence ... that assignor was a pedestrian."
We have considered respondent's remaining arguments and find them unavailing.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 19, 2022